Hildeburn and Brother *vs.* Brown, &c.                    Case 36.

APPEAL FROM SHELBY CIRCUIT.                    PET. EQ.

To make a mortgage and conceal it by an arrangement between the debtor and agent of the creditor, to be recorded in case of danger of the debtor's failing, is calculated to give the debtor a delusive credit, and such a mortgage will not be allowed to prevail against a conveyance to trustees for the benefit of creditors generally.

[The facts of the case appear in the opinion of the court.—REP.]

*Tho. J. Throop* for appellants—

The appellants filed their petition in equity to foreclose a mortgage executed to them in 1853 on a house and lot in Shelbyville, which Sherrod, the mortgagor, subsequently to the execution of the mortgage, conveyed by deed of trust to Brown and Neal for the payment of his debts. The court below refused the relief sought, and the appellants bring the case to this court for revision.

1. The appellants insist that the trustees, before they excepted of the trust, had knowledge of the existence of the mortgage though it had not been recorded, and that they, as well as those for whose benefit it was made, are bound by its provisions. Sherrod seems to hold out the idea that he did not inform Brown and Neal of the existence of the mortgage until after the execution of the deed of trust; but the answer of the trustees, as to the time when they received information of the existence of the deed of trust, is evasive, and the clear inference is that they both had knowledge of the existence of the mortgage when the deed of trust was executed. They try to leave the impression that they had not such knowledge, and adopt Sherrod's answer as to the time when such information was communicated. (*Talbot vs. Sebree,* 1 *Dana,* 56; *Bright, &c. vs. Wagle, &c.,* 3 *Ib.,* 255.)

HILDEBURN, &c.
*vs.*
BROWN, &c.

It is certain that the existence and purport of the mortgage to appellants was fully known to the trustees before their acceptance of the trust and recording of the deed, if it was known when it was signed by Sherród. This is shown by Sherrod and Brown's deposition, and Brown then gave it as his opinion that the mortage could not prevail because it was not recorded.

2. The trustees then having knowledge of the mortgage cannot claim against it—they could take only subject to the rights of the mortgagee. (*Graves vs. Graves*, 1 *Marshall*, 166 ; *Fraley vs. Langford*, 1 *Ib.*, 363 ; *Leggett vs. Wall*, 2 *Ib.*, 149 ; *Langdon vs. Woolfolk*, 2 *B. Monroe*, 105 ; *Craig vs. McBride's heirs*, 9 *B. Monroe*, 10.) On receiving title from a trustee, with notice of the trust, the title is held subject to the trust. (*Cox vs. Osburn*, 1 *Marshall*, 311.) An assignee under a general assignment, for the benefit of creditors generally, will be considered as a volunteer and not a purchaser for valuable consideration, and therefore bound to pay the purchase money remaining unpaid out of the property assigned. (*Bailey vs. Greenlief*, 7 *Wheaton*, 56 ; *Mitford vs. Mitford*, 9 *Vez.*, 100.)

If a trustee have notice of an incumbrance by an equitable interest, · he cannot safely convey or transfer the legal estate to the *cestui qui trust*, himself, or any subsequent purchaser from him, for in that case he woud be personally liable to the incumbrancer, of whose title he had been made acquainted. (*Baldwin vs. Billingsly*, 2 *Vern.*, 539 ; *Cathers vs. Sydenham*, 2 *Bro. C. C.*, 391 ; *Drash vs Hall*, 3 *Russ.*, 1, sec. 12; *Foster vs. Blackburn*, 1 *M & K.*, 297 ; *Hodgson vs. Hodgson, Kean*, 704.)

*Brown* and *Whitaker* for appellees—

The appellees think the judgment of the circuit court should be affirmed for the following reasons :

1. The plaintiffs show no good ground for the interposition of a court of equity in their behalf. The

mortgage under which the appellants claim is not valid against any purchaser for a valuable consideration, or a creditor, as it was not acknowledged or legally proved and lodged for record. (*Revised Statutes*, 197, 8, *secs.* 11 *and* 12.)

The mortgage relied on by appellants has never been proved or acknowledged and lodged for record. It follows that the deed of trust is effectual when put in competition with the mortgage; and the circuit court did not err in dismissing the appellants' petition.

The Revised Statutes do not materially differ in their provisions from the act of 1820, (1 *Statute Law*, 449,) under which this court held, in the case of *Stephen's administrator vs. Barnet*, 7 *Dana*, 258, "that a mortgage not deposited for record within sixty days after its execution, is invalid against any creditor of the mortgagor." (See also *Bank of U. S. vs. Huth*, 4 *B. Monroe*, 465.)

The conduct of Hildeburn and his agent, in holding this mortgage whilst the mortgagor was doing business on the faith of the property which it covered, is not such as to meet the favorable consideration of the chancellor, who requires that one who asks equity shall do equity.

2. From the proof in the case the paper relied on as a mortgage was never completed so as to be effectual as such. It is clearly the law, that to make an instrument binding between parties containing mutual stipulations, that it must be completed and accepted; if accepted conditionally the condition must be performed which is to make it binding. This mortgage never was accepted by the plaintiffs; it was left with the mortgagor, and under his control, to be thereafter delivered by him, when the circumstances should transpire which had been agreed upon by plaintiffs' agent.

3. The assignees had no knowledge of the existence of the mortgage. It is charged in the plaintiffs' petition that the assignees had notice thereof.

HILDEBURN, &c.
*vs.*
BROWN, &c.

It is denied in the answer, and the proof does not sustain the allegation. To have made notice of the mortgage valid it should have been definite and certain as to the property incumbered and sum intended to be secured; and the mortgage could be valid only for what was certainly specified, if it had been shown. (1 *John. Chan. Rep.*, 288 ) The proof shows that there was no mention of any amount of debt or what property was covered by mortgage; and although a paper was spoken of, Sherrod gave no description of the paper that it could be recognized; and that it was only to take effect upon a contingency, which had never happened.

4. But it is denied that notice to the assignees would, if it had been given, affect the interest of the beneficiaries in the deed of trust.

5. There is no proof of the indebtedness of Sherrod to the plaintiffs; certain notes are filed, but there is no proof of their execution, or their consideration. Sherrod's admissions are not evidence against any one but himself. (3 *Greenleaf's Evidence*, section 283.)

6. The mortgage was made and kept up for fraudulent purposes. It is unnecessary to multiply authorities to show what constitutes fraud. *Wright vs. Wright*, 2 *Littell*, 12, is in point here.

January 31.

Judge STITES delivered the opinion of the court:

The petition of appellants avows that the arrangement between their agents and Sherrod, was to withhold the mortgage from registration for the purpose of sustaining the latter in business and "not to record the same unless there was danger of Sherrod's failure, which danger was to be suggested to Throop &c."

*To make a mortgage and conceal it by an arrangement between the debtor and agent of the creditor, to be recorded in case of danger of the debtor's failing, is calculated to give the debtor a delusive credit, and such a mortgage will not be allowed to prevail a-*

This allegation and the withholding of the mortgage from record, together with failure to insert the day or month of its execution, tend strongly to corroborate the statements of Sherrod, who proves, that he was to have free access to the instrument, and,

HILDEBURN, &c.
vs.
BROWN, &c.

gainst a convey-
ance to· trustees
for the benefit
of creditors gen
erally.

should the danger from other creditors become immi-
nent in the absence of the attorney, was to fill up the
blanks and forthwith lodge the instrument for record.

The effect of the arrangement, though it may not
have originated in any actual fraudulent or evil pur-
pose, was to secrete from the public eye ·the true
condition of the debtor, and thereby enable him, un-
der the semblance of being the owner of unincum-
bered real estate, to deceive and mislead other per-
sons by inducing them, upon the faith of his supposed
unembarrassed condition, to give him credit which
would otherwise have been withheld.

Such contrivances or· acts, though not designed to
perpetrate an actual fraud upon other persons, have
an inevitable tendency that way, and are obviously
opposed to the general policy of the law requiring
the public registration of all liens and incumbrances
upon property permitted to be retained and claimed
by debtors.

If not directly within that class of acts which the
law denominates constructive frauds, it approximates
so nearly to it, that the party avowing himself a par-
ticipant in such transaction, ought not to receive the
countenance or aid of the chancellor in enforcing
any lien or claim growing out of it as against third
persons.

Without therefore determining the sufficiency of
the allegded notice to the trustees, or the effect thereof
as to the beneficiaries' of the deed, it seems to us, for
the reasons stated, that the chancellor below proper-
ly denied any help to appellants in the attitude in
which they presented themselves.

Wherefore, the judgment of the court dismissing
the petition as to Brown and Neal, and the beneficia-
ries in the deed to them; is affirmed.